IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER MATHUREN,

    Plaintiff/Petitioner,

v.                                      Case No.       CV 16-1081 JAP/GBW
                                                                          CR 14-3420 JAP

UNITED STATES OF AMERICA,

    Defendant/Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before me on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *Doc. 1.*[1] Upon review of the Motion and the United States' Response (*doc. 4*), I conclude that there is no need for an evidentiary hearing and recommend denial of the Motion.

**I.    BACKGROUND**

On July 22, 2014, law enforcement officers executed a search warrant upon the Petitioner's truck. *Doc. 4* at 1. The officers located approximately 30.3 grams of methamphetamine and several small plastic baggies concealed in a fake Arizona Iced Tea can behind the driver's seat. *Id.* Officers found two portable scales, one in a satchel inside the truck and one in the driver's side door. Officers also found a Glock, Model

---

[1] Citations to "Doc." refer to docket numbers filed in Case No. 16-CV-1081-JAP/GBW. Citations to "Cr. Doc." refer to the attendant criminal docket, Case No. 14-CR-3420-JAP. For filings made on both dockets, only the civil docket number is given.

Case 1:14-cr-03420-JAP Document 70 Filed 03/31/17 Page 2 of 12

30, .45 caliber pistol, concealed between the driver's seat and the center seat; a Romarm/Cugir, Model SAR-1, 7.62x39 mm caliber rifle, wrapped in a sheet behind the driver's seat; approximately ten (10) rounds of Federal brand .45 caliber cartridges; and 4) thirty-seven rounds of Wolf brand 7.62x39 mm caliber cartridges. *Id.* at 1-2.

On October 7, 2014 an Indictment was filed against Petitioner, charging the following crimes: Count 1 - Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2); Count 2 - Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count 3 - Using, Carrying and Possessing a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *Cr. Doc. 2.* Approximately two months later, a Superseding Indictment was filed against the Petitioner including Counts 4 and 5 for the additional crimes of illegally possessing firearms at the time of his arrest on or about October 28, 2014, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). *Cr. Doc. 16*.

On October 29, 2014, the Court appointed Chief Federal Public Defender, Stephen P. McCue as Petitioner's counsel. *Cr. Doc. 7.* On November 20, 2014, Petitioner's counsel filed a Motion to Suppress. *Cr. Doc. 12*. On February 3, 2015, Petitioner's counsel filed a Motion to Withdraw as Attorney. *Cr. Doc. 22.* The Motion to Withdraw was based on a breakdown in communication due to Petitioner's dissatisfaction with and refusal to speak to defense counsel. *Id*. On February 4, 2015,

2

the United States filed a response in opposition to the Motion to Withdraw. *Cr. Doc. 23*. The Court heard the Motion to Withdraw on February 4, 2015 and denied it on February 12, 2015. *Cr. Docs. 25, 26*. On February 23, 2015, Petitioner's counsel filed a second Motion to Suppress. *Cr. Doc. 27*. On March 26, 2015, the United States responded to both motions to suppress. *Cr. Docs. 34, 35*.

On June 17, 2015, Petitioner entered into a plea agreement pursuant to FED. R. CRIM. P. 11(c)(1)(C). *Cr. Doc. 47*. In the Agreement, Counts 1, 4, and 5 were dropped, and Petitioner pleaded guilty to Counts 2 and 3. *Id.* at 2. Petitioner acknowledged his understanding in the Agreement that he faced a potential term of imprisonment of no more than 20 years under Count 2. *Id.* With respect to Count 3, he acknowledged he faced a minimum term of imprisonment of five years. *Id.* at 3. The Agreement further acknowledged that it was an 11(c)(1)(C) agreement stipulating a specific term of imprisonment of 120 months, and that if the Court rejected the terms of the Agreement, the Petitioner had the right to withdraw his plea. *Id.* at 3, 5-6.

Petitioner agreed to certain additional terms in the Agreement. First, he agreed not to seek "a downward departure or variance from the specific sentence of 10 years or 120 months of imprisonment." *Cr. Doc. 47* at 6-7. Second, he acknowledged that any violation of this term gave the United States the right to treat the Agreement as null and void and to proceed to trial on all charges in the Superseding Indictment. *Id.* at 7. Petitioner further agreed to waive his appellate and collateral attack rights. *Id.*

3

Petitioner's waiver states in relevant part:

> Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

*Id*.

On September 25, 2015, the United States Probation Office disclosed its Presentence Report (PSR). *See doc. 4-1*. The PSR concluded that, after adjustments for acceptance of responsibility, the Petitioner's base offense level was 29. PSR ¶ 34. Petitioner was classified as a career offender under U.S.S.G. § 4B1.1, making his criminal history category a VI. PSR ¶ 48. The PSR noted that ordinarily, under the Guidelines, Petitioner's offense level of 29 and criminal history category of VI would result in a sentencing range of 151 months to 188 months. PSR ¶ 90. However, based on his career offender status and his corresponding conviction under 18 U.S.C.A. § 924(c), the guideline range became 262 months to 327 months. *Id*. The PSR concluded that if the Petitioner were convicted at trial of all counts in the Superseding Indictment, he would face penalties of 360 months to life imprisonment. PSR ¶ 91.

On October 1, 2015, the Court accepted the 11(c)(1)(C) plea agreement and sentenced Petitioner pursuant to its terms. *See Cr. Doc. 52*. He received sixty months (60) imprisonment for Count 2 and a consecutive term of sixty months (60)

imprisonment for Count 3. *Id.* The Court entered its Judgment on October 6, 2015. *Cr. Doc. 55*. On September 30, 2016, Petitioner filed the Motion at issue here. *Doc. 1*.

## II. PETITIONER'S CLAIMS

Construing his filings liberally, the Court finds the following claims: (1) the trial court erred when it denied the motion to withdraw by Petitioner's counsel;

(2) Petitioner received ineffective assistance of counsel due to a conflict of interest;

(3) Petitioner received ineffective assistance of counsel prior to his guilty plea;

(4) Petitioner received ineffective assistance of counsel in the sentencing phase of his case. *See generally doc. 1*.

## III. WAIVER OF COLLATERAL ATTACK

The United States argues that all of Petitioner's claim fall within the scope of the waiver of collateral attack found in Petitioner's plea agreement. However, that waiver excludes attacks based "on the issue of defense counsel's ineffective assistance." *Cr. Doc. 47* at 7. That exception clearly covers claims 2, 3, and 4 as listed above. Therefore, I recommend denying the United States' request to enforce the waiver as to those claims. Claim 1, which focuses on the trial court's decision, arguably does not fall within the exception. Nonetheless, I recommend denying the claim for the reasons described below, rather than on the basis of the plea agreement waiver.

## IV. DENIAL OF MOTION TO WITHDRAW

A voluntary and unconditional guilty plea waives the right to assert all non-

5

jurisdictional defenses, including the denial of a motion for substitute counsel made prior to the entry of a guilty plea. *See United States v. Porter*, 405 F.3d 1136, 1140-41 (10th Cir. 2005). As summarized by the Supreme Court:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent].

*United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Petitioner does allege that his counsel provided ineffective representation, and those claims will be considered below. However, he makes no claim that the advice and representation he received led to an involuntary or unknowing guilty plea. Consequently, his claim based upon the trial court's denial of the motion to withdraw is precluded by his guilty plea.

V.  **INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO A CONFLICT OF INTEREST**

A defendant alleging ineffective assistance generally must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). However, where it is alleged that ineffective assistance was the result of a conflict of interest, there are special considerations that apply. *United States v. Winkle*, 722 F.2d 605, 609 (10th Cir. 1983). "'[A] defendant who shows that a conflict of interest

6

actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief.'" *Id*. (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 349–50 (1980)). In order to establish "'the constitutional predicate'" for a claim of ineffective assistance of counsel on the basis of a conflict of interest, a defendant must "'show[ ] that his counsel *actively* represented conflicting interests.'" *United States v. Soto-Hernandez*, 849 F.2d 1325, 1329 (10th Cir. 1988) (quoting *Cuyler*, 446 U.S. at 350) (emphasis added in *Soto-Hernandez*). Once such a showing is made, prejudice will be presumed, and the defendant will be entitled to relief. *See Cuyler*, 446 U.S. at 349–50.

    While Petitioner recites the "conflict of interest" mantra and cites to *Cuyler*, *see doc. 1* at 19, 22, it is apparent that he misunderstands the nature of this analysis. Nowhere does he allege any circumstance which would be recognized as a "conflict of interest" under the *Cuyler* standard, such as multiple representation of co-defendants or that his counsel was hired by an interested third party. *See generally doc. 1*. Instead, it appears that Petitioner bases his claim on the idea that he and his attorney had disagreements with each other. *See id.* at 19-20, 25. This claim, even if true, would not constitute a "conflict of interest" within the meaning of that term as applied in *Winkle* and *Cuyler*. Therefore, to determine whether the alleged discord between Petitioner and trial counsel would entitle Petitioner to relief, it must be analyzed under the *Strickland* standard governing ineffective assistance of counsel. As a stand-alone claim, it must be rejected.

## VI. INEFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO GUILTY PLEA

Petitioner makes a number of conclusory allegations about the inadequacies of his representation which could relate to matters preceding his guilty plea. These assertions include the following: counsel did "not seek out all of the facts relevant to his client's case" (*doc. 1* at 4, 14); counsel "made a decision not to investigate potentially viable defense" (*id*. at 5); "based on his counsel's failure to communicate . . . the background of facts counsel has prevened [sic] petitioner from pursuing his rights" (*id*. at 14); "failure to investigate or file any motions in [sic] the Petitioners [sic] behalf, Counsel's lack of pretrial investigation which deprive [sic] Petitioner of potential defense" (*id*. at 15); and "counsel completely ignored his litigation" (*id*. at 21).

As stated above, when a criminal defendant pleads guilty, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Salazar*, 323 F.3d at 856 (quotations and citation omitted). Instead, "he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not competent." *Id*. Moreover, the Supreme Court has held that a prisoner challenging a guilty plea because of ineffective assistance of counsel must satisfy the prejudice inquiry of *Strickland* by showing that the constitutionally ineffective representation "affected the outcome of the plea process. In other words . . . that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

8

insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Court went on to explain:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Id*. at 59.

Petitioner falls far short of establishing prejudice. First, he never claims that he would not have pleaded guilty but for his counsel's alleged errors. *See generally doc. 1*. Tellingly, his requested relief is not a withdrawal of his guilty plea followed by a trial, but is only a "sentence reduction." *Id.* at 12. Second, he fails to allege, let alone provide evidence of, any facts which would have established a viable defense for him. Indeed, the only "fact" he asserts – that his counsel failed to file any motions on his behalf – is demonstrably false. *See cr. doc. 12* (suppression motion based on unlawfulness of traffic stop); *cr. doc. 27* (suppression motion challenging warrantless search of vehicle after traffic stop). Finally, the absence of any affirmative evidence of prejudice is particularly glaring where Petitioner's plea agreement was so beneficial by guaranteeing a 120-month sentence where his post-trial sentencing range would have been 360 months to life. PSR ¶ 91.

Because Petitioner fails to demonstrate any prejudice flowing from the alleged ineffective assistance of counsel prior to his guilty plea, I recommend denying his claims brought on that basis.

### VII. INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

Petitioner makes a number of allegations about the inadequacies of his representation which could relate to sentencing. These assertions include the following: counsel "fail[ed] to conduct a thorough investigation for the penalty phase, which would have uncovered material admissible evidence about petitioner's excruciating past" (*doc. 1* at 5, 23); counsel "fail[ed] to o[b]tain petitioner's medical history" (*id*. at 6); and counsel "fail[ed] to conduct a thorough investigation or recover mitigating evidence [and made] a decision not to expand his investigation beyond the [PSR]" (*id*. at 6, 8, 22-25).

To prevail on these claims, Petitioner must establish both the deficient performance of his attorney and a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. He utterly fails to do so. First, Petitioner pleaded guilty to a plea agreement which set a specific sentence of 120 months and prohibited him from requesting a lower sentence. Given that agreement, Petitioner cannot show that his attorney was ineffective for not investigating or presenting mitigation evidence. For the same reason, Petitioner cannot show any possibility that he would have received a

10

lower sentence if his counsel had done so. In fact, if his counsel had sought a lower sentence, the United States would have had the absolute power to withdraw from the plea agreement and proceed to trial, where Petitioner faced a guideline range of 360 months to life if convicted. *Cr. Doc. 47* at 6-7. Moreover, Petitioner provides no evidence of his claimed mitigating circumstances. He only makes the broad assertion that he had a difficult past and implies that he has some medical problems. These conclusory statements fall woefully short of establishing that he would have received a lower sentence had the Court been informed by counsel.[2]

Because Petitioner demonstrates neither error by counsel nor prejudice flowing from such alleged error, I recommend denying these claims.

---

[2] Although Petitioner does not, one could argue that the mitigating evidence would have led to a more favorable plea offer from the government. However, this type of speculative claim is also without merit. *See United States v. Romero-Gallardo*, 113 F. App'x 351, 354 (10th Cir. 2004) (finding that a defendant's allegation that counsel "failed to investigate sentencing law" was "based on sheer speculation that further investigation would have led the attorney to pursue and obtain the government's agreement to a shorter sentence[,]" which did not rise to the level of a constitutional claim).

## VIII. CONCLUSION

Having reviewed the matter, I conclude that Petitioner's proffered grounds for relief are without merit. Therefore, I recommend denial of any relief and dismissal of the Petition with prejudice.

GREGORY B. WORMUTH
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**